# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Silverado Park Association, | No. 23-cv-3687 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Country Mutual Insurance Company, | |
| Defendant. | |

Before the Court are two sets of motions related to this insurance coverage dispute. First, Movants Mike Franks and WRS Consulting LLC, doing business as 4M Claims ("4M"), filed a Motion for a Protective Order, Motion to Quash, and Motion for Sanctions (Docs. 36 (motions), 38 (memorandum), 29 (Bergstrom declaration with exhibits), 40 (Franks declaration with exhibit)), to which Defendant Country Mutual Insurance Company ("Country Mutual") has responded (Docs. 53 (memorandum), 54 (Prouty declaration with exhibits)). Second, Plaintiff Silverado Park Association ("Silverado") filed a Motion to Quash Subpoenas and Motion for a Protective Order (Docs. 49 (motions), 50 (memorandum), 51 (Hammond affidavit)), to which Country Mutual has responded (Docs. 56 (memorandum), 57 (Prouty declaration with exhibits)). The Court convened a hearing on these motions on June 12, 2024, and heard oral argument from the parties. (Doc. 63 (hearing minutes).)

After oral argument, but before any ruling on the motions, the district court granted Silverado's motion seeking an order for appraisal and for a stay. (Doc. 69.) The loss

appraisal process was then completed (Doc. 70 (notice of appraisal award)), and the stay

lifted in this matter. Once that stay was lifted, this Court ordered additional briefing on the

effect of the appraisal award's issuance on the pending motions. (Docs. 71, 75.)

Having received supplemental briefing (Docs. 76 (Plaintiff's supplemental brief),

77 (Movants' supplemental brief), 78 (Defendant's supplemental brief)), and having

considered the motions, the Court grants Movants' motions for a protective order and to

quash, denies Movants' motion seeking sanctions, denies as moot Silverado's motion to

quash, and grants in part and denies in part Silverado's motion for a protective order. Based

on these decisions, Country Mutual is prohibited from requesting further discovery,

documents, and testimony from Movants. Additionally, Country Mutual may not seek

further discovery from nonparties Legacy Restoration LLC and Fulcrum Claims

Consultants as to information relevant only to whether the prerequisite conditions for

appraisal have occurred, because that issue has already been decided.

## BACKGROUND

Plaintiff Silverado is a common interest community with 17 townhome units located in Mankato, Minnesota. Country Mutual insures Silverado under a business owner's policy ("Policy") that protects Silverado from certain losses. On April 12, 2022, a wind and hailstorm damaged Silverado's 17 townhomes, including the roofs and gutters. Silverado sought an estimate on repairs from a company called Legacy Restoration LLC ("Legacy"), which provided an estimate totaling $936,522.79. Silverado also retained Fulcrum Claims Consultants ("Fulcrum") as its public adjuster, and Fulcrum prepared an estimate of $1,300,230.29 for the cost of repairs. Country Mutual did its own estimate, predicting a cost of $544,169.83. Thus, there was a dispute over the amount of loss.

The Policy anticipated how such disputes should be resolved in an appraisal clause:

**E. Property Loss Conditions**

. . .

**2. Appraisal**

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.

(Doc. 54-1, Prouty Decl., Ex. 2.) Under the Policy's appraisal clause, Silverado made a written request for appraisal of the loss amount on February 17, 2023, and it also selected an appraiser, Movant Mike Franks, who operates under the business name 4M. Country Mutual also selected its own appraiser. Although appraisers were selected, disputes arose over whether the appraisal clause in the Policy had been properly triggered. Country Mutual claimed that it had the right to discover more information about whether Mr. Franks

was a competent and impartial appraiser, if for no other reason than to preserve its right to challenge his appraisal award at a later point. Silverado disagreed, suing Country Mutual on November 11, 2023, alleging that Country Mutual breached the Policy by failing to participate in an appraisal for losses caused by the April 2022 storm.

During discovery (*see* Doc. 16 (January 18, 2024 Pretrial Scheduling Order)), the parties raised several disputes. The first of those disputes—a dispute about whether the Court should compel appraisal and stay the litigation—has been decided. (Doc. 69.) The district court determined that Silverado was entitled to summary judgment on its claims that the Policy is a valid agreement, that Silverado performed any conditions precedent to demanding that Country Mutual engage in an appraisal, and that Country Mutual breached the agreement by refusing to do so. (*Id.* at 13.) The district court thus compelled appraisal, staying the case until the completion of that appraisal process. (*Id.* at 13, 15–16.)

Another set of discovery-related disputes have been percolating in the meantime. During the pendency of the motion to compel arbitration and motion to stay, the five motions now before the Court were filed and argued. These motions relate to disputes about subpoenas Country Mutual has issued to Mr. Franks, 4M, Legacy, and Fulcrum. As the stay here has been lifted because an arbitration award has issued, and having the benefit of supplemental briefing from the parties and Movants, the Court now takes up these motions.

## MOVANTS' MOTIONS

The first three motions were filed jointly by Movants Franks and 4M. Mr. Franks is the appraiser that Silverado originally selected. Mr. Franks claims that, after performing the appropriate conflicts check, he accepted the appointment to appraise the Policy dispute

related to Silverado's storm damage. Soon after, Mr. Franks, a nonparty, received subpoenas from Country Mutual that sought production of a broad category of information and documents, including:

    (1)   identification of claims from the past five years showing the name of cases and claims where Mr. Franks was the designated appraiser and Plaintiff's counsel's law firm and Fulcrum, or Fulcrum and Legacy, have been involved;

    (2)   a list of cases from the past five years where Mr. Franks was the designated appraiser and Plaintiff's counsel's law firm represented the insured;

    (3)   any contract or agreement Mr. Franks has with Plaintiff's counsel's law firm, Fulcrum, or Legacy to serve as an appraiser;

    (4)   any agreement with Plaintiff's counsel's firm, Plaintiff, or any other entity about how Mr. Franks will be compensated as an appraiser;

    (5)   copies of any presentations Mr. Franks has given in the past five years;

    (6)   copies of any articles Mr. Franks has published within the last five years;

    (7)   copies of any financial transactions between Mr. Franks, 4M Claims, and Plaintiff's counsel's law firm, Fulcrum, or Legacy within the past five years;

    (8)   a list of matters that Plaintiff's counsel's law firm has represented Mr. Franks in within the past five years;

    (9)   a list of any presentations Mr. Franks has given to Plaintiff's counsel's firm, Fulcrum, or Legacy within the past five years; and

    (10)  a list of cases where Mr. Franks has served as an expert for clients of Plaintiff's counsel's firm within the past five years.

(Doc. 39, Bergstrom Decl., Ex. 1.) Country Mutual also subpoenaed Mr. Franks to sit for a deposition. (*Id.*)

Even as Country Mutual sought this information from Mr. Franks, it also served discovery requests on Silverado that overlapped with some of the discovery it sought from Mr. Franks. When Mr. Franks retained counsel and objected to the discovery sought, Country Mutual permitted Mr. Franks to delay production of some requests in the hopes that Silverado would provide the information. (*Id.*, Ex. 2.) Meanwhile, the fact of this third-

party discovery dispute led Mr. Franks to believe that there was now at least an appearance of impartiality—created by Defendant's litigation tactics—and thus he withdrew from acting as the appraiser. (*Id.*, Ex. 3.) After his withdrawal, Country Mutual informed Mr. Franks that he no longer needed to produce any documents or lists, but that he still had to sit for a deposition. (*Id.*, Ex. 4.) Mr. Franks claims that, as a result of this process, he has lost the opportunity to serve as an appraiser on several claims, has incurred unfair legal costs defending against Country Mutual's subpoenas, and now moves the Court to intervene.

Specifically, Mr. Franks moves for a protective order under Federal Rule of Civil Procedure 26(c) to protect him from undue burden and expense where he is a nonparty who is no longer involved in any capacity with the claims in this lawsuit. He claims that the information that Defendant seeks is irrelevant, disproportionate to any benefit from its production, and duplicative of the overlapping discovery Country Mutual has already sought from Silverado. Mr. Franks argues that the irrelevance of seeking discovery from him is even clearer because the appraisal process has now been concluded with services provided by a different appraiser. He also asks the Court to find he has special protections from such subpoenas because he functions in a quasi-judicial role as an appraiser. Finally, Mr. Franks argues that even beyond a protective order, the Court should quash the subpoenas and order sanctions under Rules 37 and 45 of the Federal Rules of Civil Procedure because as a nonparty he should not have to bear the cost of litigating Country Mutual's out-of-bounds discovery requests.

Country Mutual claims that it is acting within the scope of discovery under Rules 26 and 45 in seeking information from Mr. Franks and 4M. It argues that the Policy's appraisal provision contemplates an important condition to participating in an appraisal: that "each party will select a competent and impartial appraiser." (Doc. 54-1, Prouty Decl., Ex. 2.) Country Mutual contends that its subpoenas are relevant to whether the selection of Mr. Franks and 4M satisfies these conditions. Country Mutual admits that it did seek some of the same discovery from Silverado, but emphasizes that it permitted Movants to delay responding until Silverado had answered such that no discovery request was duplicative. It also notes that it promptly withdrew its production requests after Mr. Franks's withdrawal. Thus, Country Mutual claims it has worked to avoid subjecting Mr. Franks to an undue burden or expense. As to Mr. Franks's deposition, Country Mutual argues that he still has relevant information about whether the conditions for the appraisal provision (that is, competency and impartiality) were met. It also contends Mr. Franks is not immune from discovery about his impartiality, and in fact, has to disclose facts a reasonable person might consider likely to impact his impartiality.

## ANALYSIS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To weigh what is proportional to a case's needs, courts consider factors including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, and importance of the discovery in resolving

7

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

When a party wishes to compel a nonparty to produce discovery in a lawsuit, Rule 45 provides that a nonparty may be commanded by subpoena to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a). However, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). If a court finds a party or attorney failed to do so, Rule 45 empowers courts to "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees." *Id.*

If a party or nonparty wishes to resist a discovery request, they may seek entry of a protective order based upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[T]he movant bears the burden of demonstrating the necessity of a protective order." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013).

Country Mutual's demand that Mr. Franks sit for a deposition is unduly burdensome and not proportional to the needs of this case. The district court viewed the evidence in the light most favorable to Country Mutual in deciding whether Silverado was entitled to an order compelling appraisal under a summary judgment standard. (Doc. 69 at 5.) In doing so, the district court determined that under the valid Policy agreement "Silverado was entitled to demand appraisal and by refusing to participate in an appraisal, Country Mutual

breached its obligations under the Policy's appraisal provision." (*Id.* at 7, 13.) The district court ordered appraisal to proceed. (*Id.* at 13, 15.) Country Mutual cannot therefore justify the relevance of the discovery it seeks from Mr. Franks and 4M by claiming it seeks to challenge whether the prerequisite conditions for appraisal have occurred, because that issue has already been decided. (*Id.* at 5.)

"Under Rule 26(b)(1) as applied to a nonparty Rule 45 subpoena, 'discovery may not be had on matters irrelevant to the subject matter involved in the pending action.'" *Rochester Drug Co-Operative v. Mylan Inc.*, No. 22-mc-7 (ECT/JFD), 2022 WL 1598377, at *4 (D. Minn. May 20, 2022) (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)), *objections overruled*, 2022 WL 8032746 (D. Minn. Oct. 14, 2022). Because the discovery Country Mutual seeks is relevant to a matter already decided, requiring Mr. Franks to sit for a deposition is disproportionate to the needs of the case and would subject Mr. Franks to an undue burden. *See* Fed. R. Civ. P. 45(3)(A)(iv). The Court finds this alone provides a sufficient basis to grant Movants' requests for protection from Country Mutual's subpoenas, and it thus does not reach the parties' additional arguments on this issue.

In sum, the Court grants Movants' motion for a protective order and motion to quash Country Mutual's subpoenas according to its authority under Rules 26 and 45 of the Federal Rules of Civil Procedure. Mr. Franks need not comply with Country Mutual's subpoenas.

Finally, the Court turns to the issue of sanctions. The Court is troubled by some aspects of Country Mutual's discovery requests to Movants—including the overlap of

some requests, the moving target of whether requests were narrowed temporarily or permanently, and the burden placed on Movants to retain counsel to respond. Additionally, the Court is concerned that Country Mutual's conduct in this case—seeking expansive discovery from a nonparty appraiser, consequently causing the would-be appraiser who resists to also withdraw from the appraisal process because of the appearance of impropriety—is a litigation tactic that is antithetical to the speedy (and often collaborative) appraisal process the parties to the insurance contract should expect. That said, on balance, the Court finds sanctions are unwarranted at this time. Therefore, as to Movants' request for sanctions, that motion is denied.

**PLAINTIFF'S MOTIONS**

Silverado also filed several motions adopting Movants' arguments as they apply to Silverado and their service providers, Fulcrum and Legacy. In its first motion, Silverado asks the Court to issue a protective order barring Country Mutual's subpoena requests of Movants under Rules 26 and 45. In its second, it asks that the subpoenas be quashed at least until a decision has issued on Silverado's motion to compel appraisal and stay the litigation.

During the pendency of these motions, as noted above, the district court granted Plaintiff's motion to compel appraisal and stayed the litigation. Thus, the Court finds Silverado's request to quash the subpoenas is moot.

As for the request that the Court issue a protective order barring Country Mutual's deposition of Movants, that request is granted for the same reasons that the Court has found Movants' motion for a protective order should also be granted above. Consistent with the

10

Court's decision concerning Movants, the Court holds that Defendant may not seek to compel discovery from nonparties Fulcrum and Legacy that is relevant only to whether the prerequisite conditions for appraisal have occurred, because that issue has already been decided. However, Defendant may still seek information from nonparties Fulcrum and Legacy that is relevant to the issues that remain undecided in this matter, as contemplated by the district court's Order (*see* Doc. 69 at 15 n.8.), subject to the limitations of Rules 26 and 45 of the Federal Rules of Civil Procedure.[1] Thus, Silverado's request for a protective order of Movants and nonparties is granted in part and denied in part.

## SCHEDULING ORDER AMENDMENTS

Finally, the Court noted it would entertain proposed amendments to this matter's Pretrial Scheduling Order (Doc. 16) when it took up these pending motions. Country Mutual asks the Court to extend this case's deadlines by four months. (Doc. 72 at 1.) Silverado believes further discovery is unnecessary. (*Id.* at 1–2.) The Court finds some additional discovery may be necessary, but that an additional approximately two months from this Order's date should be sufficient given the narrowed scope of the issues in this matter post-appraisal. The Court thus amends the Pretrial Scheduling Order in this matter as follows:

Fact discovery due by 1/6/2025.

Expert discovery due by 1/6/2025.

Non-dispositive motions due by 1/20/2025.

---

[1] The Court notes that at least to this point, neither Fulcrum nor Legacy have raised any discovery concern directly, unlike Mr. Franks and 4M.

Dispositive motions due by <u>2/5/2025</u>.

Ready for trial due by <u>2/7/2025</u>.

## ORDER

Based on the above, and on all of the files, records, and proceedings in this lawsuit,

**IT IS ORDERED** that:

1. Defendant Country Mutual Insurance Company's request to strike Movants' counsel's letter (Doc. 74) is **DENIED**;

2. Movants Mike Franks and WRS Consulting LLC, doing business as 4M Claims's Motion for a Protective Order (Doc. 36) is **GRANTED**;

3. Country Mutual's subpoena requests to Movants are barred;

4. Movants' Motion to Quash (Doc. 36) is **GRANTED**;

5. Movants' Motion for Sanctions (Doc. 36) is **DENIED**;

6. Plaintiff Silverado Park Association's Motion to Quash Subpoenas (Doc. 49) is **DENIED AS MOOT**;

7. Plaintiff's Motion for a Protective Order (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART**; and

8. Country Mutual's subpoena requests to nonparty Legacy Restoration LLC and nonparty Fulcrum Claims Consultants are barred as to information relevant only to whether the prerequisite conditions for appraisal have occurred, because that issue has already been decided.


Date: November 6, 2024                     *s/Douglas L. Micko*
                                           DOUGLAS L. MICKO
                                           United States Magistrate Judge